LAND, J.
 

 Mrs. Vincent Pizzolata owned a lot in Square 379, Seventh district of the city of New Orleans, bounded by Dublin, Apple, Belfast, and Dante streets. This lot was designated by the letter “X” on a plan of Adloe Orr, civil engineer, dated November 22, 1920, and formed the corner of Dublin and Apple streets. It measured 60 feet front on the former street and a depth of 90 feet on the latter street.
 

 Thereafter, Mrs. Pizzolata subdivided lot “X” into lots “A”' and “B,” and another lot into lot “C,” in a survey made by A. J. Oliveira, civil engineer, dated October 20, 1922. A later survey by the same engineer, dated February 25, 1929, and showing the location of lots “A” and “B,” is filed in the transcript at page 55.
 

 September 13, 1923, Mrs. Pizzolata sold lot “A” to the Security Building & Loan Association, and, on the same day, the association conveyed this lot1 to the plaintiff, Morris Burgas.
 

 In the sale by Mrs. Pizzolata to the association, and in the sale by the association to plaintiff, the following stipulation appears: “It is distinctly agreed and- understood between the parties hereto that the purchaser, its successors and assigns, shall have the privilege of using the paved driveway in the rear of the property hereinabove described, which paved driveway is part of Lot ‘B’ belonging to the vendors herein.”
 

 The above stipulation was recorded in the conveyance records of the parish of Orleans,
 
 *589
 
 in the following language: “Purchaser (omitting “successors and assigns”) has the privilege of using the paved driveway in the rear of the above property, which driveway is part of Lot B belonging to the vendor herein.”
 

 December 7, 1923, Mrs. Pizzolata sold lot “B” to the Fidelity Homestead Association. On the same day the homestead transferred this lot to Walter Clark. On August 20, 1925, Clark reconveyed the property to the homestead, and on the same day the homestead deeded the property to defendant, Henry L. Stoutz.
 

 It is admitted that, at the date plaintiff purchased lot “A,” together with the privilege of using the paved driveway on lot “B,” Mrs. Pizzolata owned lots “A” and “B,” and that the paved runways mentioned in the petition and shown on three photographs, marked “Plaintiff 5, 6, and 7,” had been laid. Tr. 54.
 

 It is also admitted that the runways were built by Mrs. Pizzolata prior to the time she disposed of either lot “A” or lot “B.” Tr. 54.
 

 It is further admitted that Henry L. Stoutz, defendant, had notified Morris Bur-gas, plaintiff, that he (Stoutz) was about.to build a fence which would impair and destroy the use of the paved driveway. Tr. 54.
 

 It was upon the receipt of this notification that the present suit for an injunction was brought by plaintiff. A preliminary injunction was issued, and, after hearing on the merits, was made permanent by judgment of the lower court, in which was fully recognized the right of plaintiff to use the driveway in dispute in this ease, as delineated by red ink lines on a blueprint of survey made by A. J. Oliveira, civil engineer and surveyor, dated February 25, 1929,' and in which was also reserved the right of plaintiff to claim whatever damage, loss, or injury that may have been occasioned to him by defendant herein.
 

 From this judgment defendant has appealed.
 

 1. Defendant attacks the recorded stipulation as to the right of passage granted to plaintiff on the ground that it is insufficient, as it does not state the length or width of same.
 

 This particular ground of attack is without merit, since the paved runways are located as physical objects on the surface of lot “B,” the property of defendant, as shown by photographs filed in evidence, and the length and width of same are easily ascertainable. That which can be made certain is considered in law as certain.
 

 2. The second ground of attack by defendant is that a servitude of passage, a discontinuous servitude, cannot be acquired by destination de pere de famille, and parol evidence is inadmissible.
 

 It is true that a right of passage is a discontinuous servitude, and can be established only by title. E. O. C., arts. 727 and 766.
 

 The destination made by the owner is equivalent to title only with respect to continuous apparent servitudes, such as aqueducts, drain, view, and the like. E. O. C. arts. 727 and 767.
 

 
 *591
 
 As the right of passage in this case depends upon contract, we must look to the terms of the contract in order to determine if they are sufficient to vest title in plaintiff.
 

 In the original deeds from Mrs. Pizzolata to the Security Building & Loan Association, and from the association to plaintiff, Morris Burgas, the privilege of using the paved driveway on the property of defendant is expressely granted to “the purchaser, its successors and assigns.” Since the purchasers of lot “A,” stipulating the servitude of passage over lot “B,” owned by defendant, acquired it as owners of lot “A,” and for their successors and assigns, it is clear that the right became real and is a predial servitude, and not a right merely personal to the individual and expiring with him. R. C. C. art. 757.
 

 In the titles to lot “A” of the Security Building & Loan Association, and of plaintiff, Morris Burgas, as recorded, the servitude is granted only to “the purchaser,” or the owner of the property. The acts establishing the servitude do not declare that the right is given for the benefit of an estate. It must then be considered, as declared in article 755 of the Civil Code, whether the right granted be of real advantage to lot “A,” or merely of personal convenience to the owner.
 

 As stated in article 756 of the Civil Code: “If the right granted be of a nature to assure a real advantage to an estate, it is to be presumed, that such right is a real servitude, although it may not be so styled.”
 

 In' our opinion, the right of passage over lot “B,” granted to the purchasers of lot “A,” is of real utility to the latter property, which is a 50-foot corner lot fronting on Apple street, and is not incumbered with a driveway ; thereby giving to lot “A” more free space either for building or for flowers, or for a garden,, and making the property more desirable and valuable. See map, Tr. p. 55 and photographs, Tr. p. 53.
 

 It is also significant that the right of passage over lot “B” was not given to a named individual, but to “the purchaser,” the owner of lot “A,” thereby connecting the servitude with the property as a real advantage to it, and not as a mere matter of convenience to a particular person and terminating with him.
 

 As the granting to plaintiff of the right of passage over lot “B” is of real benefit to lot “A,” our conclusion is that such right is a real servitude.
 

 Since the creation of a real servitude is a form of alienation, defendant contends that the recorded stipulation as to the right of passage over lot “B,” owned by defendant, is too vague, uncertain, and indefinite in description to be a notice to a purchaser in good faith.
 

 At the risk of repetition, we quote this recorded stipulation again, which is as follows: “Purchaser has the privilege of using the paved driveway in the rear of the above property, which driveway is part of Lot B belonging to the vendor herein.”
 

 The survey of lots “A” and “B,” found at page 55 of the transcript, shows conclusively that there is but one paved driveway on lot “B,” and that this driveway is indicated
 
 *593
 
 by a red line drawn nest to lot “A,” owned by plaintiff.
 

 As tbe driveway consists of paved runways, as shown by the runways themselves in place, as well as by the photographs filed at page 53 of the transcript, it is idle for defendant to contend that the description of these runways as located “in the rear” of lot “A” is erroneous and misleading, since there is only one set of paved runways on lot “B,” and this driveway is particularly described in the stipulation creating the right of passage as being “a part of Lot ‘B.’ ”
 

 Manifestly, this was sufficient recorded notice to have placed defendant on inquiry, and to have enabled him to have ascertained the true facts of the case before purchasing lot “B.”
 

 Besides, as held in Schneidau v. New Orleans Land Company, 132 La. 264, 61 So. 225, the law in this state has for many years been that an act of conveyance is effective against third persons as soon as deposited for record in the recorder’s office. The original deeds in this case, deposited in the recorder’s office, show conclusively that the servitude of passage over the driveway on lot “B” was granted to the purchaser, its successors and assigns, and was therefore a real servitude.
 

 Under the circumstances of the case, we are of the opinion that it is unimportant that, in the chain of title from Mrs. Pizzolata to defendant, the servitude of right of passage in favor of lot “A,” owned, by plaintiff, is not mentioned, especially as plaintiff’s title antedates that of defendant, and both have purchased from a common author.
 

 Judgment affirmed.