173 So.2d 263 (1965)
Inez JOURNET et al., Plaintiffs-Appellees,
v.
George GERARD, Defendant-Appellant.
No. 1359.
Court of Appeal of Louisiana, Third Circuit.
March 24, 1965.
*264 Pierre D. Olivier, Jr., and William E. Logan, Jr., Lafayette, for defendant-appellant.
E. L. Guidry, Jr., St. Martinville, for plaintiffs-appellees.
Before TATE, FRUGE and SAVOY, JJ.
FRUGE, Judge.
Plaintiffs, Inez Journet, Hilda Journet and Leo Journet, brought this petitory action against defendant, George Gerard, seeking to be recognized as owners of a certain strip of land measuring approximately 26 feet by 246 feet, located within the City of St. Martinville, St. Martin Parish, Louisiana. In answer to the petition, the defendant pleaded the prescription of ten and thirty years under LSA-Revised Civil Code Articles 3478 and 3499.
After trial on the merits, judgment was rendered in favor of plaintiffs, recognizing their ownership of the strip of land subject only to a servitude of passage of twenty (20) feet in width along and over the northern limits of the disputed strip. Defendant *265 has taken this appeal and entered an additional plea of prescription of thirty years under LSA-Revised Civil Code Article 852.
Most of the pertinent facts were stipulated by the parties, a sketch of the property also being introduced along with the stipulation.

The stipulation shows that by deed dated December 6, 1892, Gustave Journet, plaintiffs' ancestor in title, granted to Maturin Regis, defendant's ancestor in title, a right or servitude of passage twenty (20) feet in width over the strip of land depicted in the sketch as between the letters C, D, E, F. It is stipulated that plaintiffs had a prior recorded title to the disputed strip, having acquired the property by act of donation on July 29, 1937.
It is undisputed that defendant, George Gerard, is the owner of the property depicted in the sketch as between the letters A, B, C, D, I, J, having acquired this property by act of sale dated March 31, *266 1937, from Dr. J. Raoul Olivier. The act of sale from Dr. Olivier describes the property as,
"* * * bounded on the North by land of Leroux, formerly of L. C. Duchamp, on the East by Bayou Teche, on the South by property of Elodie Hills, et als, and West by the property of Journet, or assigns, and partly by St. Martin Street; * * *."
The instruments by which Dr. Olivier and his assignee, defendant, acquired the property made no mention of the servitude, nor did these instruments specifically mention the width of the property conveyed along St. Martin Street.
It is stipulated Bayou Teche borders defendant's land on the east and that fences have continually existed since 1920 and before, along the line designated as A-B and along the line designated as G-H-I-J. No stipulation was made as to the existence or non-existence of a fence along St. Martin Street between the letters B and G on the sketch.
Much testimony was presented concerning the existence or non-existence of a fence along St. Martin Street. Suffice it to say that the preponderance of the evidence is that a fence of some kind did continually exist along this line for a period of more than thirty years prior to 1954, the dispute as to ownership of this property having arisen about 1954. Apparently the fence had a gate opening at the point the disputed strip of land intersects with St. Martin Street, which gate it appears was left open much of the time.
The preponderance of the evidence also establishes that defendant's only substantial use of the disputed strip of property was as a driveway or lane to his residence. Although the driveway was not paved, evidence of its use as such was clearly visible.
LSA-Civil Code Article 756 provides:
"If the right granted be of a nature to assure a real advantage to an estate, it is to be presumed that such right is a real servitude, although it may not be so styled. * * *"
A discontinuous apparent servitude, such as a servitude of passage, may be established only by title. LSA-C.C. Art. 766. Although such servitudes may be established only by title, it is not necessary, once it has been established, that the instrument by which one subsequently acquires the property mention the servitude for it to continue to affect the land. McGuffy v. Weil, 240 La. 758, 125 So.2d 154; Burgas v. Stoutz, 174 La. 586, 141 So. 67.
The right of passage with which we are concerned was clearly a real servitude. As such, it traveled with the land even though it was not mentioned in the instruments by which defendant and his immediate ancestor in title acquired the property. Thus it is seen that defendant had the unequivocal right to use the disputed property as a means of access and egress to his adjoining land. Accordingly, plaintiffs had no right to interfere with such use of the property so long as it was used as contemplated by the established servitude.
Continuous adverse possession is a prerequisite to the acquisition of immovable property by the prescription of ten and thirty years. As stated in Johnson, "Louisiana Real Actions," page 121:
"The possession necessary to constitute the foundation of the ten year prescriptive title must be a possession open and notorious enough to enable the owner to know of a claim adverse to his so that the owner may take steps to protect his right to the land. * *"
LSA-C.C. Art. 797 provides:
"If he to whom a servitude is due enjoys a right more extensive than that which is given him by the act establishing the servitude, he will be considered as having preserved his right *267 of servitude; because the less is included in the greater.
"But he can not thus prescribe for the surplus, and can be compelled to confine himself to the exercise of the servitude granted by his title, unless it be a continuous apparent servitude, which he has acquired by prescription."
Under the facts of the instant case we are of the opinion that the acts of possession of defendant were little more than the exercise of his rights under the servitude. As such, these acts did not constitute the adverse possession necessary to support a claim of ten or thirty year prescription. Plaintiffs, as owners, although having full opportunity to observe defendant's alleged acts of possession, could not reasonably have been expected to know of defendant's adverse claim of ownership. These alleged acts of possession would in all probability appear to them as only a use authorized by the servitude.
Thus, the thirty-year acquisitive prescription, LSA-Civil Code Article 3499, does not apply because the possessors did not possess "under the title of owner," Art. 3500, a necessary prerequisite. A closer question might have been presented as to the ten-year prescription by possession under a good faith acquisition through a deed translative of title, LSA-Civil Code Articles 3478, 3479, 3484, since a precarious possessor (such as the defendant's predecessor in title, who merely enjoyed a servitude over the tract) may convey a title upon which prescription may be founded, Article 3513, even though the precarious possessor may not himself prescribe against the true owner. In this case, however, the deed is not translative of title to the servitude strip, for the property is merely described as being bounded south by property owned by the true owners (i. e., which thus included the servitude strip within the land owned by the true owners, and did not include such strip within the property acquired by the defendant and his predecessors in title, in the absence of indication otherwise).
For the foregoing reasons we reject defendant's pleas of ten and thirty years' prescription and affirm the judgment of the trial court recognizing plaintiffs as owners of the disputed property subject only to defendant's servitude of passage. Cost of this appeal is assessed to the defendant.
Affirmed.