CHIASSON, Judge.
Plaintiff-appellee, Adam Plaisance, sought and obtained an injunction against defendant-appellant, Raymond Gros, Jr., enjoining Mr. Gros from obstructing, closing or interfering with a servitude of passage measuring 12 feet in width and located in accordance with a survey dated January 29, 1977.
Mr. Gros contends the trial court erred in finding:
1. That the servitude was not originally a personal servitude of use to the benefit only of Prosper Dugas.
2. That the defendant Raymond Gros should have to suffer loss of some of his property when he is bounded by the servitude and not subject to a servitude.
3. That there is twelve feet physically available for the servitude.
4. That the plaintiffs are entitled to an injunction and a servitude as noted on the plat map of the surveyor, but not physically located.
The common ancestor in title of the parties herein reserved for himself a right of way when he sold a portion of his property to Mr. Gros’ ancestor in title in 1906. The reservation reads as follows:
“From the above tract now sold is reserved a road of twelve feet along the north line and between said tract and that of Widow Loland; said road is reserved and the right of way is granted for the use and passage of said Dugas from his tract to the public road in front.”
Appellant contends the reservation created a personal servitude in favor of Prosper Dugas which terminated upon his death. Pertinent to the resolution of this issue are the following Civil Code articles:
La.C.C. art. 646 states:
“Real servitudes, which are also called predial or landed servitudes, are those which the owner of an estate enjoys on a neighboring estate for the benefit of his own estate.
“They are called predial or landed servi-tudes, because, being established for the benefit of an estate, they are rather due to the estate than to the owner personally. • • •”
La.C.C. art. 755 states:
“If, on the other hand, the act establishing the servitude does not declare that the right is given for the benefit of an estate, but to a person who is the owner of it, it must then be considered whether the right granted be of real advantage to the estate, or merely of personal convenience to the owner.”
La.C.C. art. 756 states:
“If the right granted be of a nature to assure a real advantage to an estate, it is to be presumed that such right is a real servitude, although it may not be so styled. . . . ”
We hold that the right of way contained in the 1906 deed is a real advantage to the then Dugas estate and not merely a personal convenience to the owner and is therefore a predial servitude. Burgas v. Stoutz, 174 La. 586, 141 So. 67 (1932); McLure v. Alexandria Golf and Country Club, Inc., 344 So.2d 1080 (La.App. 3rd Cir. 1977).
As to specifications of error numbers 2 and 3, the twelve foot right of way was created by the parties’ common ancestor in title. Adonis Cassard, from whom defendant derives his title, could not transfer more than he owned and it is therefore unimportant that no mention of the servitude is made in the chain of title from Mr. Cassard to defendant. Burgas v. Stoutz, supra. The twelve foot servitude is to be measured first and is therefore available and establishes defendant’s northerly property line.
The record clearly shows that plaintiff’s use of the servitude was interfered with by defendant and the issuance of the injunction was therefore proper.
The main thrust of defendant’s argument is the location of the servitude rather than its existence. Defendant argues that the location of the servitude may *180 not be in accordance with a title survey but failed to offer any proof as to this contention. Plaintiff filed into the record a physical survey made by Mr. Pizzolato, a civil engineer. Mr. Pizzolato testified there was no point of beginning that could be tied down to title and therefore only a physical survey based on the conventional or existing boundary lines could be made in this rural area. Under these circumstances, the trial judge did not err in accepting the limits of the servitude as set forth on a plat made by Vincent Pizzolato, dated January 29, 1977.
For these reasons the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.