JiKLIEBERT, Chief Judge.
Plaintiffs, Herbert O’Donnell, Inc., Else-beth Lendal, wife of/and Herbert O’Donnell, Mary Currier, wife of/and Joseph M. Scheyd, and Garland R. Rolling, petitioned the court for a declaratory judgment that they are the owners of what is now known as lot 128-A, Metairieville Subdivision, free of any adverse claim of defendant, Parish of Jefferson. Following a trial on the merits, the trial court ruled in favor of the Parish, dismissing plaintiffs’ lawsuit. For the reasons which follow, we affirm.
This dispute concerns ownership of a triangular portion of ground situated between the Hammond-New Orleans Highway [State Route 613(1) ] to the south, the Lake Pontchartrain Levee to the north, and Orpheum Street to the east, in that part of Metairie known as Bucktown. This portion of ground encompasses a part of the proposed Edinburgh Avenue, as shown on an 1837 Metairie-ville Subdivision plan drawn by J.A. Guerard and recorded in the records of the Parish of Jefferson on March 2, 1837.
Edinburgh Avenue was never built. Most of the site of the proposed avenue now sits under or to the north of the Lake Pontchartrain Levee. Only a small portion of the proposed avenue near the Jefferson-Orleans Parish line sits on the land side of the levee.
In 1925, Bonnabel Land Company, Inc., owners of the land in this area south of the lake, transferred a 200 foot right to way to the State of Louisiana for construction of State Route 613(1). The highway was constructed and is in use in this area today. The|2right of way obtained encompasses that part of Edinburgh Avenue south of the Lake Pontchartrain levee. Because the levee makes a northerly turn, a triangular-shaped piece of land to the north of Route 613(1) and south of the Lake Pontchartrain levee remained undeveloped. This is the property now in dispute and, for ease of reference, shall hereinafter be referred to by its 1991 resubdivision designation as Lot 128-A.
Because the property had been unkept, overgrown with weeds and littered with trash, Joseph Scheyd, a plaintiff landowner to the south of Route 613(1), contacted the Parish to have the area cleaned. The Parish referred Mr. Scheyd to the Jefferson Parish Levee District who referred him to the State of Louisiana Department of Highways. Inquiries to the Department of Highways resulted in a July 14, 1976 response from Thomas C. Bickham, Headquarters’ Property Manager, acknowledging the Department’s 1926 acquisition of a 200 foot right of way from Bonnabel-Land Co., Inc. for the highway project. Thereafter, on February 8, *582 1977 the State of Louisiana executed in favor of plaintiffs a quitclaim deed to a portion of the property now designated as Lot 128-A. A similar quitclaim deed was executed in favor of the plaintiffs on April 13, 1977.
Based on these transfers, and arguing the Parish abandoned Edinburgh Avenue, plaintiffs contend they should be recognized as owners of Lot 128-A by virtue of them ten years acquisitive prescription. Under the provisions of LSA-C.C. art. 3475, the requisites for ownership of property by acquisitive possession of ten years, the possessor must 1) have possession for ten years; 2) be in good faith; 3) with just title; and 4) possess a thing susceptible of acquisitive prescription.
We find the trial court correctly found plaintiffs did not have just title or good faith. Although a quitclaim deed may be sufficient to establish just title for the acquisition of property by ten years possession, the State of Louisiana could only transfer the interest which it had obtained by the 1926 transfer from Bonnabel Land Co., Inc. Sabine Prod. Co. v. Guaranty Bank & Trust, 432 So.2d 1047 (La.App. 1st Cir.1983), writ denied 438 So.2d 570 (La.1983). These rights, as established by the Right of Way Deed filed in the public records for the Parish of Jefferson, consisted solely of a right of way across the property, not full ownership. Thus, the quitclaim deed between the State and plaintiffs did not transfer ownership as required to constitute just title.
Additionally, the July 14, 1976 letter from the State to Mr. Scheyd establishes Mr. Scheyd’s knowledge of the limited rights acquired by the State from Bonnabel Land Co., Inc. in 1926, prior to the execution of the quitclaim deed which is the basis of the claim of ten years possession.
Accordingly, we find no error in the trial court judgment finding the plaintiffs are not entitled to ownership of Lot 128-A by ten years possession.
Plaintiffs also argue that if they are not found to be owners of the property by virtue of ten years good faith acquisitive prescriptive possession, they are entitled to tack the possession of the State of Louisiana to their own and be recognized as owners by virtue of them thirty years of adverse possession under LSA-C.C. art. 3486.
This argument also falls. There is no record evidence that the State’s possession was continuous and uninterrupted, public and unequivocal, within visible bounds with the intent to possess as owner as required to establish thirty years adverse possession. Hinton v. Weaver, 430 So.2d 134 (La.App. 2nd 1983). The State’s acts of possession amounting to the exercise of rights under a right of way deed does not support a claim of thirty years prescription. Journet v. Gerard, 173 So.2d 263 (La.App. 3rd Cir.1965).
Because of our decision on the above errors, we pretermit ruling on plaintiffs’ other alleged errors.
For the foregoing reasons, the trial court judgment dismissing plaintiffs’ petition is affirmed at their costs.

AFFIRMED.